IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WOODROW R. GLOVER, II, #1659667, PETITIONER, | § § § § § | |
| V. | § § | CIVIL NO. 3:24-CV-1690-L-BK |
| DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL RESPONDENT. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Woodrow R. Glover's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings, the record, and the applicable law, Glover's habeas corpus petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I. BACKGROUND**

In 2010, Glover was convicted by a jury of capital murder, and the court sentenced him to life imprisonment. *State v. Glover*, No. F09-51393 (363rd Jud. Dist. Ct., Dallas Cnty., Tex., July 22, 2010); Doc. 3 at 1. The Texas Court of Appeals affirmed his conviction. *Glover v. State,* Nos. 05-10-01276-CR, 2012 WL 604026, *1 (Tex. App.—Dallas Feb. 27, 2012, pet. ref'd)

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

(unpublished).  Glover unsuccessfully sought state habeas relief.  *Ex parte Glover*, WR-85,587-01 (Tex. Crim. App. Sep. 21, 2016) (denying first writ on the merits); *Ex parte Glover*, WR-85,587-02 (Tex. Crim. App. Jan. 29, 2020) (dismissing second writ as a subsequent application). On January 12, 2024, Glover filed his third state habeas application, alleging that he was actually innocent and the State had engaged in prosecutorial misconduct.  *Ex parte Glover*, W09-51393-C.  The Texas Court of Criminal Appeals dismissed the writ without written order as a subsequent application.  *Ex parte Glover*, WR-85,587-03 (Tex. Crim. App. April 17, 2024).[2]

On July 2, 2024, Glover filed the instant federal habeas petition.  Doc. 3.  He alleges actual innocence and prosecutorial misconduct.  Doc. 3 at 5-11.  As his federal petition appeared untimely, the Court directed Glover to respond regarding the application of the one-year limitations period, which he has since done.  Doc. 6; Doc. 7.  In his response, Glover concedes his federal petition is untimely, but raises a claim of actual innocence as a gateway for his time-barred petition.  Doc. 7 at 3.  He contends that "he is actually innocent of committing the charged crime"; thus, his habeas claims should be "heard on the merits."  Doc. 7 at 3.  Having now reviewed all applicable pleadings and law, the Court concludes that Glover fails to meet his burden, and his petition should be dismissed as time barred.

## II. ANALYSIS

While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare[.]"  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  A gateway actual-innocence claim is

---

[2] The Court takes judicial notice of (1) the docket sheets on the Texas Court of Criminal Appeals website at https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed on Mar. 25, 2026), and (2) the state habeas court record in No. W09-51393-C available on the Dallas County website at https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29 (last accessed on Mar. 25, 2026).

available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement, a petitioner must present "new reliable evidence," *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018)—namely "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Perkins*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Even though other circuit courts are split on the issue, the Court of Appeals for the Fifth Circuit has yet to weigh in on what constitutes "new reliable evidence" but conversely, has determined what does not. *See Hancock*, 906 F.3d at 389-90 & n.1. Simply stated, "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Id.* at 390; *Pedder v. Lumpkin*, 859 F. App'x 697, 698 (5th Cir. 2021) (dismissing the habeas petition when "[t]he information . . . was within reach of [the petitioner's] personal knowledge and reasonable investigation . . .").

Glover premises his actual innocence claim on an affidavit from a new forensic expert, Dr. Harry J. Bonnell, who agreed to help Glover on a pro bono basis. Doc. 3 at 5-11; Doc. 4 at 3 (Aff.). Dr. Bonnell interpreted the lab results (the DNA evidence prepared by the Southwestern Institute of Forensic Sciences) submitted at trial and provided a new forensic analysis. Doc. 4 at 4-5. Glover asserts the new expert's affidavit supports his innocence, undermines the prosecutor's theory of the case, and requires a new trial. Doc. 3 at 6. Glover maintains that the DNA evidence contradicts Forensic Biologist Courtney Ferreira's trial testimony. He suggests, as a result, that Ferreira's trial testimony was perjured and the prosecutor knowingly relied on

her perjured testimony at trial.  Doc. 3 at 8-9 (summarizing Dr. Bonnell's conclusion that the DNA evidence contradicts Ferreira's trial testimony); *see also* Doc. 4 at 4-5.

Though Dr. Bonnell's affidavit interpreting the lab results is *new*, the evidence on which he based his opinion does not qualify as "new."  The lab results were available at trial and they were also available to the defense in preparation for trial.  The lab results were thus "always within the reach of [petitioner's]. . . reasonable investigation" and do not present newly discovered evidence that would have resulted in Glover's acquittal.  *Hancock*, 906 F.3d at 390. Other courts within the Fifth Circuit Court of Appeals have reached the same conclusion.  *See Calhoun v. Dir., TDCJ-CID*, No. 9:22-CV-35, 2024 WL 5319269, at *2 (E.D. Tex. Dec. 9, 2024) (finding report of new forensic medical expert was not newly discovered evidence because it relied on evidence available at the time of trial that was available to the defense), *rec. adopted*, No. 9:22-CV-35, 2025 WL 77905 (E.D. Tex. Jan. 9, 2025); *McCasland v. Vannoy*, No. CV 22-331, 2025 WL 3623199, at *8 (M.D. La. July 11, 2025) (same as to report prepared by an expert not retained at trial), *rec. adopted in part, rejected in part on other grounds*, No. CV 22-331, 2025 WL 3067915 (M.D. La. Nov. 3, 2025).

Likewise, Glover's reliance on *Floyd v. Vannoy*, 894 F.3d 143 (5th Cir. 2018), is misplaced.  Doc. 7 at 3.  There, the DNA evidence was not presented at trial and was unknown to the prosecution, defense counsel, and the trial judge.  *Floyd*, 894 F.3d at 156.

In sum, Glover does not present any new, reliable evidence that was unavailable when he went to trial and would have resulted in his acquittal.  *See Hancock*, 906 F.3d at 389-90. Accordingly, the actual innocence exception is inapplicable here and Glover's failure to timely file his federal petition cannot be excused.

### III. CONCLUSION

For all these reasons, Glover's petition for writ of habeas corpus should be summarily

**DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  *See* 28

U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS

**SO RECOMMENDED** on March 27, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days)